■ In the Matter of STATE OF NEW YORK, Respondent, v HOWARD H., Appellant. [58 NYS3d 343]—

Order, Supreme Court, Bronx County (Michael A. Gross, J.), entered July 11, 2016, which, to the extent appealed from, memorialized the court's finding, after a nonjury trial, that respondent suffers from a mental abnormality within the meaning Mental Hygiene Law § 10.03 (i), unanimously reversed, on

the law, without costs, and the article 10 petition dismissed. Appeal from order, same court and Justice, entered May 22, 2015, which denied respondent's motion to preclude the State's expert from testifying at trial about unspecified paraphilic disorder (USPD), unanimously dismissed, without costs, as academic.

The State seeks civil commitment of respondent under Mental Hygiene Law article 10 based on a diagnosis of USPD, antisocial personality disorder, psychopathy, and multiple substance-use disorders (in remission). To qualify as a "mental abnormality" under article 10, respondent's disorders must affect his "emotional, cognitive, or volitional capacity . . . in a manner that predisposes him . . . to the commission of conduct constituting a sex offense and that results in [his] having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i]). "Thus, it must be shown that the offender's disorder 'results in both a predisposition to commit sex offenses and a serious difficulty controlling the behavior'" (*Matter of State of New York v Floyd Y.*, 135 AD3d 70, 72 [1st Dept 2015], *lv granted* 27 NY3d 902 [2016], quoting *Matter of State of New York v John S.*, 23 NY3d 326, 348 [2014]).

The testimony of the State's experts fell short of the "detailed psychological portrait" necessary to establish, by clear and convincing evidence, that respondent's disorders result in his having serious difficulty controlling sexually-offending conduct (*Matter of State of New York v Donald DD.*, 24 NY3d 174, 188 [2014]). Although respondent's criminal history includes sexual misconduct, the evidence at trial showed that he spent 24 years in prison without any inappropriate sexual behavior, and successfully completed multiple sex offender treatment programs, including one that he took voluntarily (*see Matter of State of New York v Frank P.*, 126 AD3d 150, 163 [1st Dept 2015] [finding no serious difficulty where the respondent did not engage in any inappropriate sexual behavior during his time in prison, and voluntarily attended anger management and sex offender treatment programs]). The State's experts' conclusory testimony that respondent showed only limited gains from the treatment programs is belied by his sex offender treatment records, which are replete with notes showing that he has good impulse control, takes full responsibility for his crimes, expresses remorse for the harm to his victims, and demonstrates honesty and empathy in disclosing his sex offending behavior.

This case stands in stark contrast to *Matter of State of New York v Floyd Y.* (135 AD3d at 70), where we upheld a jury's verdict that the respondent had serious difficulty controlling

his sex offending behavior. Unliké the diagnoses here, *Floyd Y.* involved a diagnosis of pedophilia, which "by definition, involves an element of difficulty in control" (*id.* at 76). Moreover, the respondent in *Floyd Y.* failed to make satisfactory progress in sex offender treatment and did not have a viable relapse prevention plan. Here, in contrast, respondent successfully completed multiple sex treatment programs, and, according to one of the State's experts, created an "impressive relapse· prevention plan."

In light of our conclusion, we need not determine whether USPD is generally accepted as a valid diagnosis in the relevant psychiatric community. Concur—Tom, J.P., Sweeny, Richter, Kapnick and Webber, JJ.